Argued February 13, affirmed April 10, 1923.

# WHETSTONE *v.* PURDUE.

(213 Pac. 1014.)

**Partnership—Elements of "Partnership" Stated.**

1. A partnership is primarily a contract between two parties to carry on a business and to share its profits and losses, and primarily indicates an equality of right and control between the parties, though as between themselves the authority of one partner may be limited, and the liability of one for losses may be excluded if the other elements of the partnership are present.

**Partnership—Evidence Held to Show Agreement to Farm on Shares not Partnership.**

2. In a suit for a partnership accounting, evidence as to the oral agreement between the parties *held* to show an agreement for farming plaintiff's property by defendant on shares instead of a partnership agreement.

## From Jackson: F. M. CALKINS, Judge.

### Department 2.

This is a suit to declare the existence of a partnership and to dissolve the same, and to require the defendant to account in the matter thereof.

The plaintiff alleges, in substance, that about November 1, 1915, the parties entered into a partnership for the purpose of carrying on the business of farming and stock-raising in Jackson County. That under and by virtue of the agreement plaintiff agreed to furnish the use of certain land to the partnership and defendant agreed to furnish his entire time and labor to the business of the partnership; and it was further agreed that the partners should share the profits and losses of the business equally. That un-

---

1. What constitutes a partnership, see note in 115 Am. St. Rep. 400.

2. Effect of agreement to share profits to create a partnership, see note in 18 L. R. A. (N. S.) 963.

Relation between owner of premises and person working land for share of crops, see note in Ann. Cas. 1914B, 148.

der and by virtue of the agreement the parties entered into the conduct of the partnership and have ever since carried on a partnership business. That plaintiff has carried out and performed the terms of the partnership agreement on his part to be performed and has advanced to the partnership a large amount of money for the purpose of carrying on the business. That on or about the first day of July, 1918, defendant took possession of the partnership property and has ever since prevented plaintiff from having access to the same or from participating in any manner in the partnership business. That the partnership is engaged in the business of farming and stock-raising and owns valuable crops which are now growing, and that defendant has refused to give the crops proper care or to permit plaintiff to do so and for that reason the crops are in danger of being lost and destroyed for want of cultivation. That defendant has in his possession certain articles of personal property belonging to the partnership, which articles are enumerated in the complaint. That plaintiff has also loaned to the partnership for its use certain articles of personal property and defendant has now the possession of the same. That plaintiff has in his possession certain property of the partnership, enumerated. That the defendant threatens to sell and dispose of the personal property of the partnership and of plaintiff's now in his possession and convert the proceeds to his own use; and that defendant is insolvent.

Defendant answered denying every allegation of the complaint, but set up a counterclaim to the effect that on the eighth day of October, 1915, he entered into a verbal agreement or contract for employment, by virtue of which plaintiff employed defendant to work for him and to assist him in his farming opera-

tions for an indefinite period of time at and for the wages of three dollars per day, straight time; the defendant also agreed to furnish in connection with his labor the use of a team of horses and the plaintiff further agreeing to furnish to the defendant, as a part of the wages to be paid defendant in addition to the sum of three dollars a day, free board for the defendant and his family and all necessary feed for his team of horses during the entire period of time defendant continued in the employ of plaintiff under the agreement. That is, defendant was to receive from plaintiff for his services and the services of his team the sum of three dollars per day, together with free board for himself and family and free feed for his team, so long as he continued in the employ of the plaintiff. The answer then alleges that defendant worked in pursuance of this agreement for a period of 989 days, earning thereby the sum of $2,967, giving plaintiff a credit of $575.15, and asking judgment for the sum of $2,391.85.

Upon a trial the court found that no partnership ever existed and that the parties had never carried on any partnership and that the property which was in the possession of the defendant was at all times the property of the plaintiff and was at all times subject to his order. The court further found that it had no jurisdiction to try the counterclaim and dismissed the suit without costs to either party and without prejudice, from which decree the plaintiff appeals.                    AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Gus Newbury.*

For respondent there was a brief over the name of *Mr. F. J. Newman.*

McBRIDE, C. J.—This has been a most perplexing case, owing to exceedingly contradictory testimony, part of which indicates that the testimony of some of the witnesses is either greatly colored by prejudice or willfully false. We have not the advantage which the Circuit Court had of observing the demeanor of the witnesses or their manner upon the stand and those manifestations which enable the circuit judge properly to appraise the value of their testimony. On the one hand, the plaintiff testifies absolutely to an agreement of partnership practically in accord with his complaint, and other persons, about a dozen of them, testify to statements and admissions of the defendant which tends strongly to corroborate the statements of plaintiff. On the other hand, the defendant absolutely denies the partnership and insists that he was a worker for wages, as alleged in his answer, and in this he is corroborated by several witnesses, most of whom, however, are members of his own family, but who have the appearance of being as fair and candid as the witnesses produced on behalf of plaintiff and this, taken by itself, would no doubt have justified the circuit judge in finding, as he did, that the partnership agreement had not been sufficiently established.

If we consider the circumstances outside of the testimony of the parties we are left equally in doubt. It would seem rather singular that the defendant, who testified that he is a poor man, with a family and practically without means, would have worked for two years and eight months for plaintiff upon an agreement for wages at three dollars a day and during that time have received less than $250 in actual money and only about $500 altogether. On the other hand, it appears from the testimony that this work was performed by defendant upon various

farms leased by plaintiff from other parties, which leases all run in the name of plaintiff and concerning which there is no evidence, outside of that of plaintiff, that defendant was ever consulted. It also appears that each party took the increase of his own stock which was upon the places, with practically trifling exceptions, and that defendant paid for the shoeing of his own horses; that plaintiff paid all the other bills in connection with the purchase of machinery and the repair of machinery and the shoeing of horses; that there was no firm name; that nothing in connection with the conduct of the farms was charged by anybody to defendant or to anyone else than plaintiff; and, as the weight of testimony seems to indicate, plaintiff's conduct towards defendant was more that of an employer towards a hired man than that of a partner toward his copartner.

1. A partnership primarily is a contract between two parties to carry on a business and to share its profits and losses and primarily indicates an equality of right and control between the parties. In these respects, however, the authority of one partner may be limited as between the partners so that one may have the general management of the business and the other be restrained within such limits as to its conduct as they may agree upon; and there may be a partnership wherein the parties, as between themselves, may not share equally in the losses of the business. If the other elements of a partnership are present such a partnership may exist that one partner, as between himself and his copartner, may participate in the profits and be immune from losses.

2. We do not attach much importance to the declarations of ignorant men, and both parties here may well be classed as such, that they are partners, because the real test is the legal effect of their agree-

ment and not what they may in their ignorance imagine its legal effect to be. We look in vain in any of the testimony for an intimation that the defendant was to share in the losses of the business and his participation in the management, as well as his legal title to the property, leases and machinery, which constitute its *corpus,* is entirely lacking, the legal title to the leases and the pieces of machinery being in the name of the plaintiff; and the testimony is overwhelming that the management was practically entirely in the hands of the plaintiff, the position of the defendant being that of a very skillful laborer who was sometimes consulted on small matters but generally occupying the status of what is vulgarly termed "a straw boss." It appears that when the parties had arrived at a point where it was apparent that they could no longer do business together the plaintiff insisted that there should be a writing to indicate their real relation and requested the defendant to go with him to an attorney and have such a writing executed. The defendant declined to go, alleging the pressure of work as a reason, but prepared a writing, of which the following is a copy:

"This agreement is to show there ixists a pardner ship betwen H. F. Whetstone and A. D. Purdue in general farming and stock raising H. F. Whetstone manager and fianalsel backer  All money and debts contracted shall be paid out of each and all crops until the same is all paid with interest then the blance of said money recieved from sale of crops shall be equily devided or invested in some manner

"All moneys collected and paid out shall be kept account of and deducted from the sale of said crops.

"All money furnished by H. F. Whetstone's private funds shall be as an interest bearing note and

shall be paid him as soon as the Co. funds can spare it.

"All stock shall be kept as near equal as possible.
"(Signed)    A. D. PURDUE."

The defendant says that this document was drawn with a view to a future partnership, but on its face it bears some indications of being intended to relate to the present condition of affairs between himself and the plaintiff, although it would be unfair to require of him an exact use of proper grammatical moods and tenses. The dissensions that had then arisen between the parties would seem to preclude the idea that the writing was intended to provide for a future partnership. We are inclined to think that it expressed defendant's idea of what their relations had been, and while it may be some evidence of a partnership, its language would not constitute a technical partnership. It is obvious that the contract drawn was not satisfactory to the plaintiff and was not accepted by him.

Without going into detail in regard to the testimony, which is quite voluminous and exceedingly contradictory, we are of the opinion that instead of a partnership the defendant was contracting with the plaintiff to work for him on these farms, taking as his compensation a share of the profits, a kind of contract not unusual and seemingly consistent with the actions of both parties. This would account for the defendant remaining in the business from year to year without receiving any agreed compensation, as the expenses for himself and family were assured and there was always the hope that the next crop would show some profit.

We do not accept the defendant's theory that he was hired at a wage of three dollars a day, which seems to the writer an afterthought, and which is

not supported by any testimony outside that given by himself and members of his own family and inconsistent with his own conduct and the declarations made by him when he thought that taking a share of the profits of the business made him a partner, as he no doubt did.

This case is in some respects similar to the case of *Hanthorn* v. *Quinn*, 42 Or. 1 (69 Pac. 817), in which case the elements of partnership are so thoroughly considered that it is unnecessary to cite the multitude of authorities upon that subject.

After thorough consideration of the evidence we are of the opinion that the lower court should be affirmed, except that defendant should recover his costs on this appeal. It is so ordered.                    AFFIRMED.

BEAN, BROWN and McCOURT, JJ,. concur.

---

*Motion to dismiss denied May 16, 1922, submitted on briefs February 27, affirmed April 10, 1923.*